**In re Elton B. CROSBY, Jr., and Betty A. Crosby.**

**Marvis M. STINSON, Judith R. Stinson, Plaintiffs,**

v.

**Robert G. NICHOLS, Jr., Trustee; James E. Lambert and Omnibank, Defendants.**

Civ. A. No. 3:93–cv–318WS.
Bankruptcy No. 91–01357–JC.
Adv. No. 91–0176–JC.

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 18, 1994.

Howard C. Ross, Jr., Jackson, MS, for plaintiffs.

Eileen Shaffer Bailey, Jackson, MS, for James E. Lambert and Omnibank.

## *ORDER*

WINGATE, District Judge.

Before the court is an appeal from the United States Bankruptcy Court for the Southern District of Mississippi filed pursuant to Title 28 U.S.C. § 158(a).[1] The appellant is the Omnibank, a defendant in adversarial cause no. 91–0176–JC. The appellees are Marvis and Judith Stinson. A supporting brief has been submitted by the debtors in Bankruptcy Case No. 91–01357–JC, Elton B. and Betty A. Crosby.

This court has reviewed the Memorandum Opinion of the Bankruptcy Judge, the respective briefs of the parties, and the case law and finds that the ruling of the United States Bankruptcy Court in this matter is well taken and supported by adequate authority. Therefore, the judgment of the United States Bankruptcy Judge is hereby affirmed.

**SO ORDERED AND ADJUDGED.**

---

1. Title 28 U.S.C. § 158(a) provides:

(a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.